By the Court.
 

 This is an original action in mandamus. The relator is the clerk of the council of the city of Cleveland, and the defendant is the duly appointed and acting director of finance of that city. The question arose as to the authority of the city council to disburse funds of the municipality to contribute to the support and maintenance of a so-called “Conference of Ohio Municipalities,” and it was the evident purpose of the law department of the city to have the question determined in this proceeding; members of the force of the director of law having taken opposite sides in a rather perfunctory presentation of the question.
 

 The city council passed a so-called , emergency resolution to cause the sum of $100 to be paid to one George Hoffman, secretary of the Conference of Ohio Municipalities, as dues of the city of
 
 *560
 
 Cleveland for membership in that organization for the remainder of the year 1924. The relator caused such voucher to be drawn upon the department of finance, in accordance with and pursuant to said resolution, in favor of George Hoffman, as secretary of the Conference of Ohio Municipalities, which voucher the defendant refused to honor, and refused to disburse the money, upon the ground that it would be an unlawful expenditure of the public moneys of the city of Cleveland.
 

 The facts are undisputed. Said voucher was in all respects regular and proper in form and the required formalities connected with its issue have been complied with. The constitution of the so-called “Conference of Ohio Municipalities” indicates that it is an organization of the municipalities of the state, the purpose and object of which is to serve as an agency of common action in all matters of common concern to municipalities of Ohio. The dues of municipalities becoming members range from $10 to $500 per year. Those of Cleveland would be the latter figure. Provision is made for the election of officers and an executive committee, including an executive secretary to be in charge of headquarters of the conference. Among other services to be rendered is the maintenance of a headquarters, and therewith a bureau of information, through which it is proposed to keep the members advised of pending litigation, as well as legislation and other matters affecting their interests, and to publish a periodical.
 

 It does not follow, from the broad powers of local self-government conferred by Article XVIII of the Constitution of the state, that a municipal council may expend public funds indiscriminately
 
 *561
 
 and for any purpose it may desire. The misapplication or misuse of public funds may still be enjoined, and certainly a proposed expenditure, which would amount to such misapplication or misuse, even though directed by a resolution of council, would not be required by a writ of mandamus. Without considering the validity of such a provision, it must be conceded that there is no express provision of the charter of the city of Cleveland relative to the contribution from the treasury of the city to a fund made up of contributions of various municipalities for the purposes enumerated in the constitution of the “Conference of Ohio Municipalities,” and no general provision from which authority may be inferred to expend the funds of the city to assist in creating and maintaining an organization with offices and officers entirely separate from those of the city, selected by representatives of various municipalities of the state, with salaries and expenses also fixed by them.
 

 Writ denied.
 

 Jones, Matthias, Day and Robinson, JJ., concur.
 

 Kinkade, J., concurs in judgment.